IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICK JANNSEN,

                              Plaintiff,                          OPINION and ORDER

   v.
                                                                        24-cv-217-jdp
CAINE TRANSFER INC.,

                              Defendant.

---

This case arises from plaintiff Rick Jannsen's brief employment with defendant Caine Transfer, Inc. Jannsen alleges that, at the age of 61, he interviewed for a position with Caine Transfer. He told Caine Transfer that he wanted to work at the company until he retired at 70, and Caine Transfer said he could. Jannsen, relying on the promise of long-term employment, accepted Caine Transfer's offer and started work there in January 2022. But in July 2022, Caine Transfer laid him off, saying that it was eliminating his position. Jannsen alleges that he was deceived, and that Caine Transfer hired him only to exploit his connections with his former employer, with no intention of employing him long-term. Jannsen brings claims for age discrimination under the Age Discrimination in Employment Act and state-law claims for misrepresentation and promissory estoppel.

Caine Transfer moves to dismiss the state-law claims, arguing that Wisconsin does not recognize causes of action for misrepresentation or promissory estoppel in the context of at-will employment. Caine Transfer is correct, insofar as such claims are based on statements made during the course of the employment. But Wisconsin recognizes misrepresentation and promissory estoppel claims based on statements made prior to employment. The court

concludes that Jannsen states claims for misrepresentation and promissory estoppel and the motion to dismiss will be denied.

## BACKGROUND

The following allegations are taken from the complaint and are accepted as true for the purpose of defendant's motion to dismiss. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

In 2021, plaintiff Rick Jannsen learned that his employer of 16 years, Wis-Pak, was relocating his position as a trucking dispatcher, so he began looking for a new job for which he would not have to move. In May 2021, Jannsen interviewed for a dispatcher position with Caine Transfer, a family-owned trucking company. Jannsen interviewed with Steve Caine, the Caine brother in charge of human resources. Jannsen was 61 at the time of the interview and told Steve Caine that "he had no plans to retire and wanted to work until he physically couldn't anymore with a goal of working until retirement age 70." Dkt. 1, ¶ 11. Steve Caine "responded by affirming [Jannsen's] sentiments, stating that if a person likes the job they're doing and wants to keep working then that's what they should do." *Id.*

In July, 2021, Steve Caine offered Jannsen a job with a delayed start date of January 5, 2022, to allow Jannsen to finish training his replacement at Wis-Pak. *Id.* ¶ 13. During that conversation, Jannsen again stated his desire to work until the age of 70, in response to which Steve Caine "confirmed that others who worked at [Caine Transfer] were older than [Jannsen] and that if he wanted to work that long he could." *Id.* ¶ 14.

Jannsen accepted the dispatcher position at Caine Transfer and began working there in January 2022. Within weeks of starting at Caine Transfer, Jannsen used his connections with

Wis-Pak to get valuable additional trucking routes for Caine Transfer. But Greg Caine, the brother in charge of dispatching, had disagreed with the decision to hire Jannsen and Greg Caine did not allow Jannsen to make dispatch decisions. On July 30, 2022, Caine Transfer gave Jannsen a letter that said the company was terminating his employment because it was eliminating his position "as the company moved towards the future and into the next generation of the company." *Id.* ¶ 27. Jannsen was replaced by a much younger employee, the 22-year-old son of another Caine brother.

## ANALYSIS

In Wisconsin, as in many other jurisdictions, the default rule is that employment is at-will, which means that it is terminable at any time by either party without notice or cause. The default at-will rule can be superseded if the parties make a different agreement about the terms of employment. But that's not what Jannsen alleges here. Jannsen does not assert a claim for breach of contract. And there is no allegation in the complaint that he and Caine Transfer actually reached an agreement that Jannsen would be employed for a fixed term or that he could be dismissed only for cause.

Jannsen brings a federal claim for age discrimination, which Caine Transfer does not contest at this point. Jannsen also brings claims under Wisconsin law for intentional misrepresentation, negligent misrepresentation, and promissory estoppel. Caine Transfer moves to dismiss Jannsen's state-law claims under Federal Rule of Civil Procedure 12(b)(6) contending that Wisconsin does not recognize misrepresentation or promissory estoppel claims in the context of at-will employment.

### A.  Misrepresentation claims

Crain Transfer's main argument is that Wisconsin law simply doesn't recognize claims for misrepresentation or promissory estoppel arising from at-will employment. Under Wisconsin law, once a plaintiff has commenced employment, "no duty to refrain from misrepresentation exists independently of the performance of the at-will employment contract." *Tatge v. Chambers & Owen, Inc.*, 219 Wis. 2d 99, 107–08, 579 N.W.2d 217, 221 (1998); *see Mackenzie v. Miller Brewing Co.*, 2001 WI 23, ¶ 22, 241 Wis. 2d 700, 721, 623 N.W.2d 739, 748 (declining to recognize a cause of action for intentional misrepresentation to induce continued employment because "it would be inappropriate for us to abrogate the employment at-will doctrine by injecting into it a tort cause of action").

But Jannsen's allegations don't fit squarely within the rule articulated in *Tatge* and *Mackenzie* because Jannsen bases his claim on statements made *before* his employment began. Under Wisconsin law, an employer may be liable for misrepresentation if the alleged misrepresentation was used to induce a plaintiff to begin employment. *Mackenzie*, 2001 WI 23, ¶ 18 n. 15; *see also Hartwig v. Bitter*, 29 Wis. 2d 653, 659, 139 N.W.2d 644, 648 (1966) (holding that plaintiffs stated a cause of action for misrepresentation where defendant allegedly made false statements about his business to induce plaintiffs to work for him).

Jannsen alleges fraud in the inducement, along the lines recognized in *Hartwig*. Jannsen relied on representations made before employment began that induced him to take the job. Jannsen contends that Steve Caine told Jannsen that he could work at Caine Transfer until he was ready to retire at 70. On the basis of Steve Caine's offer of long-term employment, Jannsen quit his job with Wis-Pak and accepted the job at Caine Transfer, only to be terminated a few months later.

To be clear, a promise of long-term employment does not necessarily alter the default rule that employment is at-will. As the Wisconsin Supreme Court held:

> Generally speaking, a contract for permanent employment, for life employment, or for other terms purporting permanent employment, where the employee furnishes no consideration additional to the services incident to the employment, amounts to an indefinite general hiring terminable at the will of either party . . . .

*Forrer v. Sears, Roebuck & Co.*, 36 Wis. 2d 388, 393, 153 N.W.2d 587, 589 (1967). So, following *Forrer,* Steve Caine's offer of long-term employment would lead only to "an indefinite general hiring terminable at the will of either party." Caine Transfer did not have to disclose that Jannsen could be laid off if circumstances of the business changed. *See Bellon v. Ripon Coll.,* 2005 WI App 29, ¶ 10, 278 Wis. 2d 790, 797, 693 N.W.2d 330, 333 ("[P]redictions as to future economic events are not generally actionable misrepresentations."). So if Jannsen actually received from Caine Transfer a sincere offer of indefinite general hiring, he would have no claim for misrepresentation.

But Jannsen alleges that he did not receive a sincere offer of indefinite general hiring. Jannsen alleges that Steve Caine made the purported false statements to induce Jannsen to accept the position so that Caine Transfer could exploit Jannsen's connections with Wis-Pak, intending all along to terminate his employment once it had the new business. These allegations, if proven, would show that Jannsen never got even legitimate at-will employment. Caine Transfer's failure to disclose its true intention would constitute fraud by omission as recognized in *Kaloti Enterprises, Inc. v. Kellogg Sales Co.*, 2005 WI 111, ¶ 20, 283 Wis. 2d 555, 573, 699 N.W.2d 205, 213.

Jannsen alleges alternatively that Steve Caine made the misrepresentation about long-term employment negligently, which would state a claim for negligent misrepresentation on a

similar theory. *Ramsden v. Farm Credit Servs. of N. Cent. Wisconsin ACA*, 223 Wis. 2d 704, 721, 590 N.W.2d 1, 8 (Ct. App. 1998) (describing the elements of negligent misrepresentation).

The court concludes that Jannsen has stated claims for intentional and negligent misrepresentation.

## B. Promissory estoppel claim

As an alternative, Jannsen asserts a claim for promissory estoppel. Promissory estoppel is an equitable doctrine that applies in situations in which parties do not have a contract but justice requires enforcement of the defendant's promise. *Hoffman v. Red Owl Stores, Inc.*, 26 Wis. 2d 683, 133 N.W.2d 267 (1965). A plaintiff seeking relief based on the doctrine of promissory estoppel must prove the following three elements: (1) the defendant made a promise that the defendant "should reasonably expect to induce action or forbearance of a definite and substantial character" by the plaintiff; (2) defendant's "promise induced such action or forbearance;" and (3) "injustice can be avoided only by enforcement of the promise." *Scott v. Savers Prop. & Cas. Ins. Co.*, 2003 WI 60, ¶ 51, 262 Wis. 2d 127, 154–55, 663 N.W.2d 715, 729.

Jannsen relies on the same statements by Steve Caine, casting them as a promise rather than a misrepresentation of Caine Transfer's true intentions. Jannsen alleges that Steve Caine promised that he could work at the company indefinitely; that he detrimentally relied on this promise when he withdrew himself from consideration for positions with other potential employers; and that injustice can be avoided only by enforcing Steve Caine's promise. The facts here are similar to the facts in *Forrer*, where the Wisconsin Supreme Court held that the plaintiff had adequately alleged the elements of promissory estoppel. 36 Wis. 2d 338, at 392.

But the *Forrer* Court ultimately upheld the dismissal because the employer provided the promised full-time permanent employment.

Caine Transfer argues that it fulfilled its promise, just like the employer in *Forrer*. But Jannsen alleges otherwise, as explained above. Caine Transfer induced Jannsen to begin employment intending to terminate him as soon as it reaped the benefit of Jannsen's relationship with Wis-Pak. The court concludes that Jannsen's allegations are sufficient to state a claim for promissory estoppel.

## ORDER

IT IS ORDERED that defendant Caine Transfer Inc.'s motion to dismiss, Dkt. 6, is DENIED.

Entered March 20, 2025.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge