IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICK JANNSEN,

                Plaintiff,

  v.

CAINE TRANSFER, INC.,

                Defendant.

OPINION and ORDER

24-cv-217-jdp

---

Defendant Caine Transfer, Inc., a family-owned-and-operated trucking company, hired plaintiff Rick Jannsen as a dispatcher. Six months later, it fired him. Jannsen was 62 years old throughout his employment with the company.

Jannsen filed this suit against Caine Transfer, contending primarily that it unlawfully terminated him because of his age in violation of the Age Discrimination in Employment Act. He also asserts claims for intentional misrepresentation, negligent misrepresentation, and promissory estoppel, alleging that Caine Transfer promised him that he could work there until he was at least 70 years old.

Two motions are pending before the court. The main one is Caine Transfer's motion for summary judgment. Dkt. 44. But the court's resolution of that motion is complicated by Jannsen's counsel's violations of this court's summary judgment procedures. Based on those violations, Caine Transfer also moves to strike some of Jannsen's summary judgment filings, Dkt. 65, specifically, his supplemental proposed findings of fact, Dkt. 54, his responses to Caine Transfer's proposed findings of fact, Dkt. 56, and a standalone document in which Jannsen objects to individual paragraphs in Steve Caine's declaration, Dkt. 55.

The court will grant Caine Transfer's motion to strike in part. Many of Jannsen's proposed findings of fact and responses to Caine Transfer's proposed findings of fact violate this court's summary judgment procedures. Instead of striking these documents in full, the court will consider each proposed fact and response for compliance with those procedures. But the court will disregard Jannsen's separate list of objections to Steve Caine's declaration because there is no basis in the court's procedures or Federal Rule of Civil Procedure 56 for the document. Dkt. 55. The court will impose conditions on Jannsen's counsel's continued work in this court.

The court will grant Caine Transfer's motion for summary judgment in part. Considering the evidence as a whole, a reasonable jury could find that Caine Transfer terminated Jannsen because of his age, making summary judgment improper on Jannsen's ADEA claim. Caine Transfer is entitled to summary judgment on Jannsen's state-law claims because the undisputed facts show that Caine Transfer did not promise Jannsen employment for a specific length of time.

## MOTION TO STRIKE

Caine Transfer's motion to strike, Dkt. 65, affects the evidence that the court will consider at summary judgment, so the court begins with that motion. Caine Transfer moves to strike Jannsen's proposed findings of fact, Dkt. 54, objections to Steve Caine's declaration, Dkt. 55, and responses to Caine Transfer's proposed findings of fact, Dkt. 56, for violating this court's summary judgment procedures, which are attached to the pretrial conference order, Dkt. 12. Standard Attachments for Civil Cases Assigned to Judge Peterson (SJ Procedures).

The court starts by addressing Jannsen's separate list of objections to Steve Caine's declaration, Dkt. 55. The court's procedures direct the parties to organize all their evidence and objections to evidence in their proposed findings of fact and responses to proposed findings of fact. If Jannsen had objections to the evidence that Caine Transfer relied on in its proposed findings of fact, the proper place for an objection was in his responses to those proposed facts, not in a separate filing. Jannsen's document violates the court's procedures and serves no purpose but to cause confusion and waste time. The court will disregard the document.

With that document out of the way, the court now focuses on the infractions in Jannsen's proposed findings of fact, Dkt. 54, and his responses to Caine Transfer's proposed findings of fact, Dkt. 56. Both documents contain numerous proposed facts or responses that are filled with arguments in violation of the summary judgment procedures. SJ Procedures, at 3, 5.[1] For example, here is a typical example of a proposed fact that is mostly impermissible argument:

> After these discussions, Steve Caine verbally told Mr. Jannsen the dispatch position was his and they'd work on the timeline for starting. Mr. Jannsen accepted the offer of employment based on Steve Caine's multiple affirming statements by then that he could work until he reached age 70 and because he was an officer of Caine. He did not know that S Caine's statements and representations were false when he made them.

Dkt. 54, ¶ 97 (cleaned up). Jannsen's arguments belong in his opposition brief, not in his proposed findings of fact documents.

---

[1] *See* Dkt. 54, ¶¶ 15, 17, 20, 48, 85, 89, 97, 134, 136, 139, 177, 180–82, 186–87, 216–19, 223–24, 238, 246–47, 249; Dkt. 56, ¶¶ 7, 10, 13–15, 17–18, 23–27, 31, 33–35, 39, 42–45, 47–51, 54, 56, 58, 60, 63–64, 67–70, 72–73, 75, 82, 85, 87–90, 94–95, 98, 104.

Jannsen's proposed findings of fact suffer from two additional problems. Dkt. 54. First, Jannsen violated this court's requirement that a responding party's proposed findings of fact *supplement* the moving party's proposed findings of fact. SJ Procedures, at 4. Jannsen's own proposed findings of fact frequently repeat or restate with slight variation Caine Transfer's proposed facts.[2] Here is an example:

> Caine Transfer's originally proposed fact: "Jannsen began working for CTI in January 2022, when he was 62 years of age." Dkt. 67, ¶ 55.

> Jannsen's own proposed fact: "Mr. Jannsen began his employment with Defendant Caine Transfer, Inc. on January 5, 2022." Dkt. 54, ¶ 125.

Jannsen's own proposed fact is redundant and unnecessary. If the January 5 date were material (it's not), it could have been included in Jannsen's response to Caine Transfer's proposed fact. Jannsen treated his proposed findings of fact as another opportunity to fully restate the facts and argue his case. In doing so, he has frustrated this court's efforts to efficiently identify any material factual disputes.

Second, Jannsen repeatedly violated this court's prohibition of compound facts.[3] This court requires parties to limit each paragraph to a single factual proposition. SJ Procedures, at 3. Consider this proposed fact:

> Patrick Caine replaced Mr. Jannsen as shown by Caine's company website which listed Patrick Caine as a dispatcher in August and

---

[2] *See* Dkt. 54, ¶¶ 2, 8–9, 22, 27, 45–48, 74–75, 90–91, 93–95, 97, 117, 125, 127, 130, 134, 139, 144, 148, 168, 171, 173–75, 178.

[3] *See* Dkt. 54, ¶¶ 1–6, 9, 12, 15–18, 26–27, 29, 32–36, 38–40, 42, 46–53, 55–62, 65, 67–73, 75–76, 78–79, 81–82, 84–86, 89–90, 92–97, 99–106, 108–12, 116–20, 123, 126–29, 131, 134, 136–39, 141–48, 152–53, 155, 157–58, 161–64, 166–69, 172–75, 178–81, 187–89, 191, 193, 195–99, 205, 209–13, 216, 218–23, 225–26, 228, 230–32, 238, 243–44, 249–50.

> October 2022, and he made entries into Freightware in September and October 2022. During his deposition, Patrick admitted he'd been scheduling deliveries or pickups for longer than the last few months. His LinkedIn page showed him as a dispatcher.

Dkt. 54, ¶ 48 (cleaned up). Assuming that this paragraph was necessary at all, Jannsen should have split it into at least four proposed facts: (1) Caine Transfer's website listed Patrick Caine as a dispatcher in August and October 2022, (2) Patrick Caine made entries into Freightware in September and October 2022, (3) Patrick Caine admitted he'd been scheduling deliveries or pickups for longer than the last few months, and (4) Patrick Caine's LinkedIn page showed him as a dispatcher.

The court now turns to Jannsen's responses to Caine Transfer's proposed findings of fact, Dkt. 56. Many of Jannsen's responses do not comply with this court's summary judgment procedures because they contain additional facts that are not directly responsive to Caine Transfer's proposed facts. SJ Procedures, at 5.[4] Consider Jannsen's response to this fact proposed by Caine Transfer:

> 85. On July 30, 2022, Steve and Greg communicated their termination decision to Jannsen but told him only that his job was being eliminated.
>
> 85. Plaintiff's Response: Mr. Jannsen's termination letter was left on his desk for him to discover upon reporting to work. The letter misspelled his last name. After reading the letter, Mr. Jannsen requested to speak with Steve Caine. During that conversation, in which Greg Caine was also present, Mr. Jannsen was told that his termination "had nothing to do with [his] performance" and that [Caine Transfer] was "moving towards the future." Therefore, Mr. Jannsen understood his age was the reason for his termination. His understanding is reinforced by CTI's conduct,

---

[4] *See* Dkt. 56, ¶¶ 2–3, 7–8, 11–12, 17–20, 23, 25–27, 31, 33, 35, 38, 45, 47, 50–52, 58, 61, 63, 66–80, 82–90, 92, 94–95, 98, 104.

5

>when on July 1, 2022, CTI posted a dispatcher position paying significantly less.

Dkt. 56, ¶ 85 (cleaned up). Jannsen should have clearly stated whether he disputed Caine Transfer's proposed fact. If Jannsen disputed it, he should have stated his version of the proposed fact and cited evidence supporting his version. But Jannsen does not dispute that Steve and Greg Caine communicated their termination decision to him on July 30, 2022, and told him only that his job was being eliminated. *See* Dkt. 54, ¶¶ 174, 176. Jannsen's response should have been "Undisputed."

The question remains whether the court should disregard Jannsen's proposed findings of fact and responses to Caine Transfer's proposed findings of fact for his attorney's many violations of the court's summary judgment procedures. There is a strong case for doing so, not just because Attorney Huber's violations were widespread, but also because we have been down this road twice before.

In *Collins v. Energizer Holdings, Inc.*, No. 21-cv-390-jdp, 2022 WL 17155848 (W.D. Wis. Nov. 22, 2022), Attorney Huber made many of the same types of errors that she made in this case, triggering a motion to strike. *See id.* at *1–2. The court disregarded individual proposed facts that did not comply with the court's procedures. *Id.* at *1. In *Markgren v. Saputo Cheese USA, Inc.*, No. 21-cv-429-jdp, 2023 WL 3568967 (W.D. Wis. May 19, 2023), the defendant again moved to strike Attorney Huber's summary judgment submissions for violating court procedures. The court agreed with the defendant that there were "many problems with [the plaintiff's] summary judgment materials." *Id.* at *1. The court again declined to strike all of Attorney Huber's submissions, instead disregarding proposed facts or responses that did not follow the summary judgment procedures. *See id.* at *2. But the court warned Attorney Huber

6

that she ran the risk of more serious sanctions, including rejection of her summary judgment submissions, if she continued violating court procedures. *See id.*

In light of this court's repeated warnings to Attorney Huber, she has little excuse for her continued violations, and a significant sanction is warranted. But the court is reluctant to simply disregard all of Attorney Huber's factual submissions, which would necessarily lead to the dismissal of her client's potentially meritorious age-discrimination claim. Courts in this circuit have a strong preference for deciding a case on its merits. *See Atkins v. Gilbert*, 52 F.4th 359, 361 (7th Cir. 2022). Accordingly, the court will not disregard Jannsen's proposed findings of fact and responses to Caine Transfer's proposed findings of fact in their entirety. Instead, the court will take the approach it did in *Collins* and *Markgren*, disregarding individual proposed facts and responses that were obvious violations of the procedures.

But Attorney Huber's repeated pattern of violations despite prior warnings demonstrates that corrective action is needed. So the court will direct Attorney Huber to take the following actions:

1. Share a copy of this order to opposing counsel in future cases when either side files a motion for summary judgment. Attorney Huber must file a certificate of service demonstrating her compliance with this requirement.

2. When moving for or opposing summary judgment in a future case, certify to the court in writing that she has carefully reviewed the court's summary judgment procedures and has complied with them. More specifically, Attorney Huber must certify that: (1) she reviewed her supplemental facts to ensure that they are not redundant of facts previously submitted by the other side; (2) neither her proposed findings of fact nor responses to proposed findings of fact include factual or legal

7

argument; (3) each of her proposed findings of fact is directly supported by the evidence she cited; and (4) she has not included any compound facts.

If Attorney Huber fails to follow these requirements, the court will consider additional sanctions, including suspension of her practice in this court. If she follows these instructions in her next motion for or opposition to summary judgment, and her submissions comply with the court's rules, she may move to lift this sanction at that time.

The court turns now to Caine Transfer's motion for summary judgment.

BACKGROUND

Only the basic outline of this case is undisputed. Jannsen was a traffic clerk dispatcher for a beverage company for many years before working at Caine Transfer. As a dispatcher, Jannsen was responsible for assigning drivers to pick up and deliver loads to customers.

When Jannsen learned that his dispatcher position at the beverage company was going to be eliminated, he sought employment with Caine Transfer, a family-owned-and-operated trucking company. To do so, he reached out to Steve Caine, who was responsible for hiring at Caine Transfer and managed the company with his brother Greg Caine.

Steve Caine hired Jannsen as a dispatcher. In early January 2022, Jannsen began working for Caine Transfer. He was 62 years old at the time.

Steve and Greg Caine terminated Jannsen on July 30, 2022. Jannsen was still 62 years old.

The court will discuss additional details that are not genuinely disputed as they become relevant to the analysis.

ANALYSIS

Caine Transfer moves for summary judgment on Jannsen's federal age-discrimination claim and his three state-law claims. Dkt. 45, at 1–2. In determining whether Caine Transfer is entitled to summary judgment, the court views the facts and all reasonable inferences drawn from them in Jannsen's favor. *Baron v. City of Highland Park*, 195 F.3d 333, 338 (7th Cir. 1999). This court must grant Caine Transfer summary judgment if the material facts are undisputed and Caine Transfer is legally entitled to judgment. *See* Fed. R. Civ. P. 56(a). But the "mere existence of a scintilla of evidence" in support of Jannsen's position is not enough to defeat summary judgment; there must be sufficient evidence for a reasonable jury to find for Jannsen. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). If there is enough evidence for a reasonable jury to find for Jannsen, this court will deny Caine Transfer's summary judgment motion. *Baron*, 195 F.3d at 337.

**A.  Jannsen's age-discrimination claim**

It is unlawful for an employer to discharge an individual because of his age. 29 U.S.C. § 623(a)(1). The court's analysis of Jannsen's age-discrimination claim boils down to a single question: considering the evidence as a whole, could a reasonable jury find that Caine Transfer would not have fired Jannsen but for his age? *See Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 764–65 (7th Cir. 2016); *Marnocha v. St. Vincent Hosp. & Health Ctr., Inc.*, 986 F.3d 711, 718 (7th Cir. 2021). The answer to that question is yes.

Jannsen can show that his age was the but-for cause of his termination either by "introducing direct or circumstantial evidence that [his] employer took an adverse action against [him] because of [his] age," or by relying on the burden-shifting framework from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Marnocha*, 986 F.3d at 718 (citation

9

omitted). The parties largely organize their arguments using the *McDonnell Douglas* framework. *See* Dkt. 45, at 13–22; Dkt. 52, at 15–22. But that framework is simply one way of organizing the evidence.

In any age-discrimination case, the fundamental question is whether a reasonable jury could find from the evidence as a whole that the defendant discriminated against the plaintiff because of his age. *See Carson v. Lake Cnty., Ind.*, 865 F.3d 526, 533 (7th Cir. 2017). At summary judgment, the sensible approach is to evaluate all the evidence with that central question in mind. *See Ortiz*, 834 F.3d at 764–65. That is the approach the court will follow in this case. Jannsen can defeat Caine Transfer's summary judgment motion on the age-discrimination claim under this more direct approach, so it is not necessary to apply the *McDonnell Douglas* framework.

The evidence Jannsen relies on to support his age-discrimination claim falls into two general categories: (1) age-related comments and (2) evidence that Caine Transfer's reasons for firing him are pretextual. The court will consider each category in turn.

### 1. Steve Caine's age-related comments

Jannsen points to several age-related comments that Steve Caine made to him in the months leading up to his termination. Dkt. 52, at 14–15. Specifically, Jannsen testified that Steve Caine told him:

- In May 2022: "We're all getting older" together with "[Caine Transfer is] in a transition, trying to pass the torch from the second to the third generation." Dkt. 31 (Jannsen Dep. 141:6–21);

- In early July 2022: "[R]etirement could be around the corner for some of us." *Id.* at 142:25–143:1;

- On the day he was terminated: "We're all getting older, even you Rick." *Id.* at 143:21–25.

Jannsen also points to his termination letter as evidence of age bias. *See* Dkt. 52, at 14. Jannsen's termination letter noted the "transition of [Caine Transfer's] management/dispatch team as we move toward the future and into the next generation of our company." Dkt. 53, Ex. B. Before informing Jannsen that his position was being eliminated, the letter explained that Caine Transfer "inten[ded] to move in a different direction or philosophy as to what our dispatch team will look like in the future." *Id.*

Steve Caine did not expressly admit that Jannsen's age was a factor. But his comments are all age-related, and one reasonable inference from them is that Steve Caine had Jannsen's age on his mind when he was deciding whether to terminate Jannsen. Some of the comments also suggest that Steve Caine wanted to replace Jannsen with someone from the "next generation." When comments show that an employee's age was part of an employee's "thought process" in firing an employee, the "jury is the appropriate body to evaluate the significance of these statements." *Mullin v. Temco Mach., Inc.*, 732 F.3d 772, 778 (7th Cir. 2013).

Caine Transfer contends that the comments are "stray remarks" and not enough to defeat summary judgment. Dkt. 45, at 23–24. That phrase comes from a line of cases holding that discriminatory comments alone do not create an inference of discrimination unless they "(1) [were] made by the decision-maker, (2) around the time of the decision, and (3) referred to the challenged employment action." *Mach v. Will Cnty. Sheriff*, 580 F.3d 495, 499 (7th Cir. 2009) (citation omitted). Steve Caine, the person who hired and fired Jannsen, made the comments in the months leading up to Jannsen's termination, including in his termination letter, so his comments meet that standard. Steve Caine's comments are not express statements

11

of discriminatory intent, but they are strong evidence that age was a factor in terminating Jannsen.

### 2. Caine Transfer's proffered reasons for firing Jannsen

Caine Transfer contends it terminated Jannsen for two nondiscriminatory reasons: his poor performance and the elimination of his dispatcher position. Dkt. 45, at 13.

Because Caine Transfer argues that it terminated Jannsen based on his performance, "the *McDonnell Douglas* and *Ortiz* frameworks come together." *Napier v. Orchard Sch. Found.*, 137 F.4th 884, 892 (7th Cir. 2025). As a result, the court can "proceed directly to . . . pretext" given that "issues of satisfactory performance and pretext overlap." *Vichio v. U.S. Foods, Inc.*, 88 F.4th 687, 691 (7th Cir. 2023) (citation omitted). Jannsen contends that both of Caine Transfer's reasons for firing him are so weak that they are merely pretexts for age discrimination.

In the employment-discrimination context, the term "pretext" is "[a] lie, specifically a phony reason for some action," not "just faulty reasoning or mistaken judgment on the part of the employer." *Barnes v. Bd. of Trs. of Univ. of Ill.*, 946 F.3d 384, 389–90 (7th Cir. 2020) (citation omitted). The question is whether a reasonable jury could find that Caine Transfer is lying about why it terminated Jannsen. *See Napier*, 137 F.4th at 892.

To show pretext, Jannsen "must identify such weaknesses, implausibilities, inconsistencies, or contradictions" in Caine Transfer's reasoning for terminating him that a reasonable jury could "find them unworthy of credence and hence infer that [Caine Transfer] did not act for the asserted non-discriminatory reasons." *Boumehdi v. Plastag Holdings, LLC*, 489 F.3d 781, 792 (7th Cir. 2007). If Caine Transfer's reasons for terminating Jannsen are

unworthy of credence, the jury may infer that Caine Transfer fired Jannsen because of his age. *See Greengrass v. Int'l Monetary Sys. Ltd.*, 776 F.3d 481, 487 (7th Cir. 2015).

### a. Performance rationale

The parties dispute whether Jannsen was satisfactorily performing his job. *See* Dkt. 45, at 13–22; Dkt. 52, at 8–10, 17–20. The court need not resolve the dispute to decide Caine Transfer's summary judgment motion. "Federal employment discrimination laws do not limit their protection to perfect employees." *Paterakos v. City of Chicago*, __ F. 4th __, 2025 WL 2314843, at *5 (7th Cir. Aug. 12, 2025). All that matters is whether "there is sufficient evidence that an employment action was discriminatory." *Napier*, 137 F.4th at 892. Caine Transfer cannot "sanitize" its termination of Jannsen "by pointing to a legitimate problem with [his] performance." *Id.*

There is compelling evidence that Caine Transfer did not fire Jannsen because of his performance. It is undisputed that, shortly after receiving his termination letter, Jannsen spoke with Steve and Greg Caine. They told Jannsen that his position was being eliminated and that they were moving towards the future. They did not tell him that he was being terminated because of his performance.

Jannsen's testimony goes further. He states that Steve Caine affirmatively told him that his job performance had nothing to do with his termination. Specifically, Jannsen testified that Steve Caine "clearly made it known that [the termination] was not from my performance." Dkt. 31 (Jannsen Dep. 125:19–20). When asked what Steve Caine said, Jannsen replied, "He verbally said, when I asked him, you know, 'Is it something I did wrong?' The answer was, 'No.'" *Id.* at 125:25–126:1. At summary judgment, the court must accept this evidence as true. *Baron*, 195 F.3d at 338. Whether Caine Transfer fired Jannsen for bad performance is genuinely

disputed, so at this point, the court cannot accept that Caine Transfer had a legitimate performance-based reason to terminate Jannsen.

### b. Position elimination rationale

It is undisputed that Caine Transfer told Jannsen he was being terminated because Caine Transfer eliminated his position. Jannsen contends that this rationale is also pretextual because Caine Transfer replaced him with 24-year-old Patrick Caine. *See* Dkt. 52, at 19, 22.

Caine Transfer denies that Patrick Caine replaced Jannsen as a dispatcher, and it says that Patrick Caine did not work as a dispatcher until February 2023. Until then, Caine Transfer says that Patrick Caine was otherwise employed at the company, and the existing dispatcher team absorbed Jannsen's position.

Jannsen supports his contention that Patrick Caine replaced him by pointing to Caine Transfer's website, which listed Patrick Caine as a dispatcher in August 2022 and October 2022. *See* Dkt. 53, Ex. BB. Jannsen was fired in late July 2022. Jannsen also offers a history of Patrick Caine's log notes in Caine Transfer's dispatch system, which show that Patrick Caine took load-related actions in September and October of 2022. *See* Dkt. 53, Ex. CC.

Jannsen has submitted sufficient evidence for a reasonable jury to find that Caine Transfer was lying about eliminating Jannsen's position. Caine Transfer's own website and log notes suggest that Patrick Caine started working as a dispatcher shortly after Jannsen was fired, which undermines Caine Transfer's assertion that it had too many dispatchers at the time. Caine Transfer does not say that it became shorthanded unexpectantly because other dispatchers quit or were fired around the same time. Instead, it says that its own records are erroneous. That is for the jury to resolve, not this court at summary judgment.

### 3. Same-actor argument

Caine Transfer raises one more argument. It contends that "same actor" and "same protected class" presumptions against age discrimination apply. Dkt. 45, at 22–23. To support this contention, Caine Transfer argues that Jannsen was the same age when he was hired and fired and Steve and Greg Caine are both older than Jannsen. *See id.*

Here is the problem: these are *inferences*, not presumptions. Under the "same actor" inference, it is "reasonable to assume that if a person was unbiased at Time A (when he decided to hire the plaintiff), he was also unbiased at Time B (when he fired the plaintiff)." *Perez v. Thorntons, Inc.*, 731 F.3d 699, 710 (7th Cir. 2013). It is also reasonable to infer that age-discrimination was not the but-for cause of an individual's termination when that individual was hired while in the protected class. *See Rand v. CF Indus., Inc.*, 42 F.3d 1139, 1147 (7th Cir. 1994). Caine Transfer also suggests it is reasonable to infer that Steve and Greg Caine did not terminate Jannsen based on his age because they were also over 40. *See* Dkt. 45, at 23 (citing *Duncan v. Thorek Mem'l Hosp.*, 784 F. Supp. 2d 910, 924 (N.D. Ill. 2011)). *But cf. Williams v. Wendler*, 530 F.3d 584, 587 (7th Cir. 2008) ("There can, it is true, be 'racial' discrimination within the same race.").

Inferences are not conclusive presumptions that apply as a matter of law. *McKinney v. Off. of Sheriff of Whitley Cnty.*, 866 F.3d 803, 814 (7th Cir. 2017); *Perez*, 731 F.3d at 709. Caine Transfer's arguments "should be considered by the ultimate trier of fact rather than on summary judgment." *McKinney*, 866 F.3d at 814.

### 4. Conclusion

Jannsen has adduced evidence that Steve Caine considered his age at the time of his termination and that Caine Transfer's reasons for firing him are pretextual. Combined, that

15

evidence is sufficient to permit a reasonable jury to find that Caine Transfer fired Jannsen because of his age. *See Ortiz*, 834 F.3d at 764–65. Caine Transfer's summary judgment motion regarding Jannsen's age-discrimination claim is denied.

## B. Jannsen's state-law claims

Janssen asserts state-law claims for promissory estoppel, intentional misrepresentation, and negligent misrepresentation. The parties agree that these claims turn on whether Steve Caine promised Jannsen a job for a specific length of time. *See* Dkt. 45, at 24; Dkt. 52, at 23–24. The undisputed facts show that Steve Caine made no such a promise or representation, so Caine Transfer is entitled to summary judgment on Jannsen's state-law claims.

In Wisconsin, the default rule is that employees may be fired at will, and that default rule is superseded only when "particular facts indicate that the parties altered the default relationship of at-will employment." *Mackenzie v. Miller Brewing Co.*, 2001 WI 23, ¶¶ 21, 25, 241 Wis. 2d 700, 720, 723, 623 N.W.2d 739, 747–48.

Prior to Jannsen's employment at Caine Transfer, Jannsen told Steve Caine that "he had no interest in retiring and wanted to keep working as long as his health permitted," at least "until he reached age 70 and possibly beyond." Dkt. 64, ¶¶ 93, 95. Steve Caine responded that "he agreed with [Jannsen] and that if an individual's health permits, then he had no reason to object to Mr. Jannsen's retiring at age 70." *Id.*, ¶ 93.

Caine Transfer denies that it promised or represented that it would employ Jannsen until he was 70, and it cites the following portion of Jannsen's own deposition testimony in support:

> Q: Okay. Did anyone ever tell you that you would be guaranteed employment through a specific date?

> A: Steve Caine guaranteed I would be able to start with them. And he was under the—he knew I had no plans on retiring or ever leaving. I've worked every day since I was 12 years old, and there's no desire to quit.
>
> Q: Did anybody at Caine Transfer ever tell you that you could never be fired?
>
> A: No.

Dkt. 31 (Jannsen Dep. 45:12–20) (cleaned up); *see* Dkt. 67, ¶ 47.

In response, Jannsen cites a different portion of his deposition in which he testified that he told Steve Caine, "I'm willing to work to 70 and beyond" and that "retirement right now is not an option." Dkt. 31 (Jannsen Dep. 62:15, 21). Jannsen also testified that Steve Caine "agreed with [Jannsen] that, you know, it's the individual's decision to work as long as they want and the—health permits, then, you know, he has no reason to object to my decision." *Id.* at 63:15–18. Jannsen also cites his declaration (prepared after his deposition), stating that he told Steve Caine that he "wanted to work until age 70 if not longer than that and told [Steve Caine] that it was important to [Jannsen] that whoever [he] interviewed with would be able to commit to that timeframe because [he] wanted the job to be [his] last." Dkt. 53, Ex. A, ¶ 24. Jannsen says that Steve Caine "affirmed [Jannsen] could work that long at Caine if offered a job" and later told Jannsen that he "should be able to work as long as [Jannsen] wanted and anyone should if they liked the job." *Id.*, ¶¶ 24, 26. Jannsen "understood [Steve Caine] to agree that if employed, I could work several more years until age 70 or beyond." *Id.*, ¶ 27.

Jannsen has not submitted evidence creating a genuine dispute over whether he was offered permanent employment. *Baron*, 195 F.3d at 338. Much of Jannsen's cited testimony is about what he wanted and believed, but that is immaterial to the question of what Steve Caine promised or represented. *See Mills v. First Fed. Sav. & Loan Ass'n of Belvidere*, 83 F.3d 833,

17

841–42 (7th Cir. 1996). As for what Steve Caine actually said, Jannsen points to no statement in which Steve Caine promised him employment until he was 70. In fact, Jannsen admitted that Steve Caine never told him he could not be fired. Jannsen has not provided facts indicating that he and Caine Transfer altered the default at-will employment relationship. *Mackenzie*, 623 N.W.2d at 747–48.

The absence of any evidence of a promise or representation is fatal to Jannsen's state-law claims. To succeed on his promissory estoppel claim, Jannsen must show that Caine Transfer made him a promise. *Beer Capitol Distrib., Inc. v. Guinness Bass Imp. Co.*, 290 F.3d 877, 880 (7th Cir. 2002) (citing *Hoffman v. Red Owl Stores, Inc.*, 26 Wis. 2d 683, 698, 133 N.W.2d 267, 273 (1965)). To succeed on his intentional misrepresentation and negligent misrepresentation claims, Jannsen must show that Caine Transfer made a representation of fact to him. *Tietsworth v. Harley-Davidson, Inc.*, 2004 WI 32, ¶13, 270 Wis. 2d 146, 677 N.W.2d 233. No reasonable jury could find that Caine Transfer promised or represented to keep Jannsen employed until the age of 70. Caine Transfer is entitled to summary judgment on Jannsen's state-law claims.

ORDER

IT IS ORDERED that:

1. Caine Transfer's motion to strike, Dkt. 65, is GRANTED in part and DENIED in part. The motion is granted with respect to Jannsen's objections to Caine Transfer's evidence, Dkt. 55. The court has disregarded that document. The motion is denied with respect to Jannsen's proposed findings of fact, Dkt. 54, and responses to Caine Transfer's proposed findings of fact, Dkt. 56.

2. Attorney Huber must share a copy of this order to opposing counsel in future cases when either side files a motion for summary judgment and file a certificate of service demonstrating her compliance with this requirement; she also must certify to the court in writing whenever she moves for or opposes summary judgment in a future case that she has carefully reviewed the court's summary judgment procedures and has complied with them.

3. Caine Transfer's motion for summary judgment, Dkt. 44, is GRANTED in part and DENIED in part. The motion is granted with respect to Jannsen's intentional misrepresentation, negligent misrepresentation, and promissory estoppel claims, and these claims are DISMISSED with prejudice. The motion is denied with respect to Jannsen's age-discrimination claim.

4. The case will proceed to trial on Jannsen's age-discrimination claim. The parties should review and comply with the court's rules for pretrial submissions, which are set out in the court's standard attachment for civil cases. *See* Dkt. 12 (Attachment at 9).

Entered September 2, 2025.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge